972 F.2d 669
 61 USLW 2125
 NATIONAL TRUCK EQUIPMENT ASSOCIATION, Petitioner,
v.
NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, United
States Department of Transportation, and the
United States of America, Respondents.
 No. 89-3713.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 13, 1990.
Decided Aug. 6, 1992.
 
 Mark M. Levin, Kimberly Madigan, Christopher Eric Hagerup, Irving P. Margulies (argued) and Mark H. Sidman (briefed), Weiner, McCaffrey, Brodsky & Kaplan, Washington, D.C., for petitioner.
 Stephen P. Wood, Enid Rubenstein (argued and briefed), Kenneth N. Weinstein, Nat. Highway Traffic Safety Admin.; Freddi Lipstein, U.S. Dept. of Justice, Civ. Div. Appellate Staff; and Richard L. Thornburgh, Atty. Gen., U.S. Dept. of Justice, Antitrust Div., Washington, D.C., for respondents.
 Before: MERRITT, Chief Judge; MARTIN and GUY, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Petitioner, an organization that prevailed in judicial review of federal administrative rulemaking, seeks attorney fees and costs under the Equal Access to Justice Act [hereinafter "EAJA"]. We must resolve whether fees and costs may be appropriately awarded to an organization with numerous corporate members whose assets and employees, if aggregated, would exceed the EAJA's purpose and limitations. This issue has been extensively briefed, and a Special Master of this Court has conducted thorough hearings on the issue. For the foregoing reasons, the petitioner's motion for attorney fees and costs under 28 U.S.C. § 2412(d)(1)(A) will be denied, while petitioner's costs under 28 U.S.C. § 1920 will be granted.
 
 
 2
 National Truck Equipment Association, a trade organization representing some 1,400 manufacturers of customized bodies for special-purpose trucks, sought judicial review of an order of respondent National Highway Traffic Safety Administration. This order, Federal Motor Vehicle Safety Standard No. 204, promulgated steering-wheel safety standards for all trucks under 10,000 pounds. Compliance with this standard would have required the petitioner's members either to devise safety and crash tests to ensure their adherence, or to obtain hard-to-get manufacturer certifications. The Truck Association argued that the costs of either of these measures would have been impracticable for the majority of its members.
 
 
 3
 Our Circuit granted the petition for review and remanded the case to the Administration for further rulemaking proceedings to resolve various defects in the regulations' compliance procedures. See 919 F.2d 1148 (6th Cir.1990). After that decision, the Truck Association filed its motion as a "prevailing party" for attorney fees and costs under the EAJA. A total of $110,284.00 was ultimately requested for all expenses incurred in the original proceedings and in supplemental briefing on the EAJA issue. Following hearings, this court's Special Master recommended that the petitioner was not entitled to attorney fees but was entitled to $3,042.14 in costs pursuant to 28 U.S.C. § 1920. After determining that an "aggregation" standard should not bar the petitioner's motion, the Special Master nevertheless concluded that the government's position was "substantially justified," and recommended that the petitioner be precluded from recovery of attorney fees and costs under 28 U.S.C. § 2412(d)(1)(A).
 
 I.
 
 4
 The EAJA provides limited exceptions to the general rule of sovereign immunity where recovery of costs against the United States is concerned. The exception should not be construed liberally. See Owens v. Brock, 860 F.2d 1363, 1366 (6th Cir.1988) (citing Library of Congress v. Shaw, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986)). Section 2412(d)(1)(A) specifies that a court
 
 
 5
 shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 6
 28 U.S.C.A. § 2412(d)(1)(A) (West Supp.1991). The definition of a "party" raises the crucial issue in the instant case:
 
 
 7
 "[P]arty" means ... (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed....
 
 
 8
 28 U.S.C.A. § 2412(d)(2)(B) (West Supp.1991) (emphasis added).
 
 II.
 
 9
 The respondents have conceded that the petitioner prevailed within the meaning of the statute. This Court agreed with the petitioner that Federal Motor Vehicle Safety Standard No. 204 was impracticable as applied to those final-stage manufacturers comprising the Truck Association's membership. We accordingly remanded the case to the agency for further corrective rulemaking. See 919 F.2d at 1150.
 
 
 10
 The challenge arises in determining whether the petitioner meets § 2412(d)(2)(B)'s threshold definition of an eligible party. In 1991 the Truck Association had twelve employees and a net worth of $842,320. The petitioner would appear to have established its prima facie eligibility under the prerequisites of § 2412(d)(2)(B). See, e.g., In re Davis, 899 F.2d 1136, 1144 (11th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990) (placing burden of proof upon EAJA claimant to establish threshold criteria).
 
 
 11
 The question before us is whether we should aggregate the net worth and employees of the members of the Association in light of the following findings of fact by the Special Master:
 
 
 12
 1. "If the individual net worths of all of [the] petitioner's members were combined, the resulting aggregate total would exceed $7,000,000. The petitioner's members employ a combined total of more than 500 employees." Finding of Fact 4, Special Master's Report and Recommendation (Jan. 24, 1992) [hereinafter Report], at 2-3.
 
 
 13
 2. At least six of the member organizations employed over 500 persons during 1989. Finding of Fact 5, Report, at 3.
 
 
 14
 3. At least one of those member organizations had a net worth in excess of $7,000,000. Finding of Fact 6, id., at 3.
 
 
 15
 4. A cursory review of the Truck Association's membership listing for 1991 reveals the identity of some of its associate members. One page alone of the Association's roster contains listings for the following companies: DuPont; Ford Motor Company; Freightliner Corporation/Mercedes-Benz; General Electric's Fleet Services Group; GTE; and the Truck Division of General Motors Corporation. See National Truck Equipment Assoc., 1991 Membership Roster and Product Directory, at 139.
 
 
 16
 The question of aggregation under the EAJA is an issue of first impression within this Circuit. The D.C. Circuit analyzed the issue as one of control of the litigation, under a real party in interest doctrine. Cf. In re Davis, 899 F.2d at 1144-45 n. 18; American Assoc. of Retired Persons v. EEOC, 873 F.2d 402, 404-05 (D.C.Cir.1989); Unification Church v. INS, 762 F.2d 1077, 1081 (D.C.Cir.1985) (third person who exercises control over litigation should be treated as "party" under the statute). One District Court in this Circuit has applied that doctrine, but in a manner more analogous to that of piercing the corporate veil. See United States v. Lakeshore Terminal & Pipeline Co., 639 F.Supp. 958, 961-63 (E.D.Mich.1986). Two cases consider the issue not as a threshold question of definitions but as a "special circumstance" that requires the court to resolve first whether the petitioner was a prevailing party and second, whether the government's position was substantially justified. See Love v. Reilly, 924 F.2d 1492, 1495 (9th Cir.1991), and State of Louisiana ex rel. Guste v. Lee, 853 F.2d 1219, 1224-25 (5th Cir.1988).
 
 
 17
 This position is contrary to Grason Electric Co. v. NLRB, 951 F.2d 1100, 1103-05 (9th Cir.1991) (reasoning that legislative history nowhere mentions financial circumstances as a "special circumstance" to defeat an award; "special circumstances" are only substantive issues, such as close or novel questions of law). Grason Electric is persuasive. In that case, six employers belonging to a multi-employer organization disputed the NLRB's refusal to award EAJA fees to them under 5 U.S.C. § 504(a)(1). While deciding that aggregation was inappropriate under the circumstances--based in part upon a 1985 amendment concerning labor union relationships--the Ninth Circuit rejected the contention that aggregation should be considered as a "special circumstance:"
 
 
 18
 The House Report discusses the "special circumstances" language only in the context of legal issues ... [and] nowhere mentions financial circumstances, other than those spelled out in the statute, as a "special circumstance" that could defeat an award.... In [two Ninth Circuit cases], the "special circumstances" language was raised in the context of legal questions [concerning "close or novel" questions of law].
 
 
 19
 Grason Electric, 951 F.2d at 1103. The focus of an aggregation inquiry is on the net assets and employees of a company or organization. We conclude that this inquiry is directly related to the Act's definition of a "prevailing party" and therefore requires initial resolution before considering the other factors concerning "special circumstances."
 
 
 20
 The basic principle underlying the EAJA is this: "EAJA awards should be available where the burden of attorneys' fees would have deterred the litigation challenging the government's actions, but not where no such deterrence exists." SEC v. Comserv Corp., 908 F.2d 1407, 1415-16 (8th Cir.1990). The Model Rules of the Administrative Conference of the United States are consistent with this expression of legislative intent and provide guidance in our inquiry. The Model Rules were promulgated pursuant to 5 U.S.C. § 504 in 1981 to govern EAJA awards in administrative agency actions. Model Rule 0.104(f) states in part: "The net worth and number of employees of the applicant and all of its affiliates shall be aggregated to determine eligibility" (emphasis added). It is explained by this commentary:
 
 
 21
 [T]he intent of Congress in passing the [EAJA] was to aid truly small entities rather than those that are part of larger groups of affiliated firms....
 
 
 22
 Administrative Conference of the United States, Equal Access to Justice Act: Agency Implementation, 46 Fed.Reg. 32,900, 32,903 (1981). Model Rule 0.104(g) states: "An applicant that participates in a proceeding primarily on behalf of one or more other persons or entities that would be ineligible is not itself eligible for an award." 46 Fed.Reg. at 32,912. The application of this rule to trade associations[1] is specifically addressed by the commentary:[T]rade associations may sometimes become involved in litigation on their own account (e.g., as employers) as well as in the interests of their membership. On reflection, we believe the best way of handling this situation is through the provision on participation on behalf of others. When a proceeding involves a trade association independent of its membership, the association's eligibility should be measured individually, like any other applicant's; when an association is representing primarily the interests of its members, the agency can examine the facts of the particular situation.
 
 
 23
 46 Fed.Reg. at 32,903.
 
 
 24
 We agree with this reasoning. Here the members have derived significant benefits from affiliating with the Truck Association in this litigation. They may acquire a modification of the original requirements of Safety Standard No. 204. The Association complained in its appeal before us that the safety rule in question has dire economic consequences for its members.
 
 
 25
 The legislative history manifests an unmistakable intent to strike a balance between automatic awarding of attorney fees and a restrictive approach requiring proof by the claimant that the government's position was taken arbitrarily or in bad faith. See H.Rep. No. 1418, at 14, reprinted in 1980 U.S.C.C.A.N. at 4992-93. This is reflected in Congress' findings and purpose:
 
 
 26
 The Congress finds that certain individuals, partnerships, corporations, and labor and other organizations may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved.... [B]ecause of the greater resources and expertise of the United States the standard for an award of fees against the United States should be different from the standard governing an award against a private litigant.... It is the purpose of this title--to diminish the deterrent effect of seeking review of, or defending against, governmental action by providing in specified situations an award of attorney fees ... against the United States....
 
 
 27
 Pub.L. No. 96-481, § 202, 94 Stat. 2325 (1980). The statement of purpose plainly manifests Congress' intent for the EAJA to serve as an "equalizer" for those litigants who could otherwise not afford costs of litigation against the federal government. See also Louise L. Hill, An Analysis and Explanation of the Equal Access to Justice Act, 19 Ariz.St.L.J. 229, 243 (1987). This intent is also borne out by the legislative history of the Act's definition of a "person:"
 
 
 28
 [P]erson in this subsection identifies those individuals, businesses and organizations which may recover fees and expenses under this section.... individuals whose net worth does not exceed one million dollars and sole owners of unincorporated businesses, partnerships, corporations and associations or public and private organizations whose net worth does not exceed five million dollars [since increased to seven million dollars].... No business would be eligible if it employed more than 500 employees. The definition thus establishes financial criteria which limit the bill's applications to those persons and small businesses for whom costs may be a deterrent to vindicating their rights.
 
 
 29
 H.Rep. No. 1418, at 15, reprinted in 1980 U.S.C.C.A.N. at 4953, 4994 (emphasis added). See also Unification Church, 762 F.2d at 1082 ("Congress wished to ease the burden upon small businesses of engaging in litigation with the federal government.").
 
 
 30
 The only exclusions from net worth limitations were agricultural cooperatives and tax-exempt organizations as described in 26 U.S.C. § 501(c)(3). Id. The 1985 amendments subsequently added one more exceptional category: local labor unions, if they are separate and distinct organizations from their national unions for purposes of the Labor Management Reporting and Disclosure Act. H.Rep. No. 99-120, 99th Cong., 1st Sess., at 17, reprinted in 1985 U.S.C.C.A.N. 132, 146. See also Grason Electric, 951 F.2d at 1104. Congress expressly intended for those organizations only not to be aggregated under the net worth equation. As to aggregation of other organizations, however, Congress was silent.
 
 
 31
 In interpreting silence, we keep in mind the statutory canon expressio unius est exclusio alterius ("the expression of one thing is to the exclusion of the other."). See generally Tennessee Valley Authority v. Hill, 437 U.S. 153, 188, 98 S.Ct. 2279, 2298, 57 L.Ed.2d 117 (1978); National Railroad Passenger Corp. v. National Association of Railroad Passengers, 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974). Congress contemplated that some organizations' net assets should be aggregated to prevent the defeat of the EAJA's stated purpose because Congress devised specific exceptions--e.g., for agricultural cooperatives--to deny aggregation of net worth for those specific entities. The obvious meaning is that in devising those exceptions, Congress intended aggregation in circumstances not covered by the exceptions. Cf. Norman Singer, 2A Sutherland Statutory Construction § 47.23 (5th ed. 1992).
 
 
 32
 When businesses have the economic power to pursue litigation against the government without being deterred by the costs, the congressional purposes of the EAJA are undermined by an award to those businesses. The same result occurs when a trade association's membership also contains a number of companies who can readily afford the costs to protect their own interests. We deny the award of attorney fees under the EAJA to the petitioner Truck Association. We therefore need not consider whether the position of the federal government was "substantially justified" under § 2412(d)(1)(A).
 
 III.
 
 33
 Finally, the Truck Association requests costs under 28 U.S.C. § 2412(a) and 28 U.S.C. § 1920. Section 1920 provides that
 
 
 34
 [a] judge or clerk of any court of the United States may tax as costs the following:
 
 
 35
 (1) Fees of the clerk and marshal;
 
 
 36
 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 
 
 37
 (3) Fees and disbursements for printing and witnesses;
 
 
 38
 (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
 
 
 39
 (5) Docket fees under section 1923 of this title
 
 
 40
 ....
 
 
 41
 28 U.S.C.A. § 1920 (1966 & Supp.1991). The petitioner requests $8,042.37 for costs apart from the attorney fees. Of this amount $150.00 is attributable to filing fees; $2,892.14 consists of copying expenses. Both expenses are enumerated in § 1920 and are recoverable. See, e.g., Wyandotte Savings Bank v. NLRB, 682 F.2d 119, 120 (6th Cir.1982) (copying and printing costs are recoverable under § 1920); Evans v. Tennessee Department of Corrections, 514 F.2d 283, 284 (6th Cir.1975) (filing fees held to be recoverable). Although the other expenses requested by the Truck Association are not covered by § 1920 but may be regarded as "fees and other expenses" under § 2412(d)(1)(A) and (d)(2)(A), our denial of its arguments under that section also forecloses the granting of other fees and expenses under § 2412(d). See generally United States v. One 1985 Chevrolet Corvette, 914 F.2d 804, 809 n. 1 (6th Cir.1990) (resolution of EAJA petition on grounds of "substantial justification" to government's position precludes review of other costs claimed under § 2412(d)(1)(A)). Therefore, the petitioner's recovery on its application under the EAJA is limited to $3,042.14 in those costs enumerated under 28 U.S.C. § 1920.
 
 IV.
 
 42
 Accordingly, the petitioner's application for attorney fees and costs is DENIED in part and GRANTED in part.
 
 
 
 [1]
 According to the United States Chamber of Commerce, over 22,000 such trade associations are nationally registered. While businesses join these trade associations for a variety of reasons, two concerns are paramount: protection of their economic interests and vitality, and to band together to ensure the promotion of their collective interests. See generally International Union, United Auto., Aerospace & Agric. Workers v. Brock, 477 U.S. 274, 290, 106 S.Ct. 2523, 2533, 91 L.Ed.2d 228 (1986) and cases cited therein